United States District Court

For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10    RICK SMITH,                                    No. C 10-0139 WHA (PR)

11                        Petitioner,               **ORDER OF DISMISSAL**

12        vs.

13    DERRAL ADAMS,

14                        Respondent.
                                                  /
15

16        Ths is a habeas case filed by a California prisoner proceeding pro se under 28 U.S.C.

17    2254.

18        A federal court may entertain a petition for a writ of habeas corpus "in behalf of a

19    person in custody pursuant to the judgment of a State court only on the ground that he is in

20    custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

21    2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

22        In his petition, petitioner claims that he has been denied outgoing mail, had property

23    confiscated, and been denied access to the law library.  The preferred practice in the Ninth

24    Circuit is that challenges to conditions of confinement be brought in a civil rights complaint,

25    not in a habeas petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights

26    action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d

27    890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that

28    challenges to terms and conditions of confinement must be brought in civil rights complaint).

1  Moreover, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful

2  challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v.*

3  *Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Petitioner's claims must be brought in a civil rights

4  complaint not a habeas petition because petitioner is challenging the conditions of his

5  confinement, not the fact or duration of his custody, and success on his claims will not shorten

6  his sentence. Accordingly, this case will be dismissed without prejudice to petitioner refiling

7  his claims in a civil rights complaint under 42 U.S.C. 1983.

8  **CONCLUSION**

9  This habeas petition is **DISMISSED** without prejudice.

10  The clerk shall close the file.

11  **IT IS SO ORDERED.**

12  Dated: January __27__, 2010.

13  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20  G:\PRO-SE\WHA\HC.10\SMITH0139.DSM.wpd

21

22

23

24

25

26

27

28

2